## DANIEL BLUM v. LEWIS P. ROSS.

ERROR TO THE COURT OF COMMON PLEAS OF BRADFORD COUNTY.

Argued March 16, 1886; re-argued March 14, 1887—Decided April 25, 1887.

1. Goods in a store, the first stock of which was purchased by an insolvent husband as the agent of his wife, the wife signing notes given therefor without participating in the bargain and taking no part in the business continued by the husband as her agent, cannot be held by the wife against the husband's creditors, even though she have obtained the benefit of the act of April 3, 1872, P. L. 35.

2. To enable a married woman to hold goods bought on credit, against the creditors of her husband, she must own a separate estate sufficient to serve as a basis of a credit and must affirmatively establish by direct evidence, or by evidence of circumstances surrounding the transaction sufficient to submit to a jury to infer the fact, that the goods were bought upon the credit of her separate estate.

3. The facts appearing in this case, to wit: that the wife had a separate estate in a house and lot; that her husband was insolvent and her vendor, his sister-in-law, knew it and took the wife's individual exemption notes with warrant of attorney to enter judgment, were not sufficient evidence to submit to the jury to find that the wife purchased the goods on the credit of her separate estate.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

No. 72 January Term 1886, Sup. Ct.; court below, No. 242 May Term 1885, C. P.

In the court below the proceeding was a Feigned Issue directed to try the right of Daniel Blum, the claimant, to certain property which had been levied upon under an execution against Joseph C. Blum issued upon a judgment in favor of Lewis P. Ross.

Joseph C. Blum lived in Towanda, Pa., and in December, 1881, he conveyed to his wife Ida E. Blum, a house and lot in that place and soon afterwards removed to Akron, Ohio, with a stock of boots and shoes and there began business. He there became indebted to insolvency for money borrowed from his sister-in-law Barbara J. Blum, and for goods purchased from Lewis P. Ross and from others, when on an execution issued December 4, 1882, upon a judgment confessed to her, Barbara J. Blum, residing at Ludlow, Vt., became the purchaser of his entire stock. The purchaser carried on business for a short time, when in February or March, 1883, she sold the goods then on hand to Ida E. Blum, the wife of Joseph C. Blum, taking in payment therefor three notes for $500 each signed by Mrs. Blum alone. Mrs. Blum was not present when the bargain was made, but signed the notes when they were brought to her. The goods were then removed by Mrs. Blum and her husband to Towanda, Pa., and put into a rented store-room.

On March 31, 1883, Mrs. Blum presented her petition and obtained a decree giving her the benefit of the provisions of the act of April 3, 1872. This decree was recorded in the recorder's office on April 11, 1883. An opening of the store was then advertised by cards, circulars and notices, to take place on April 14, 1883, in the name of Ida E. Blum, and thereafter the store was carried on and other stock from time to time purchased in her name. On January 21, 1885, Lewis P. Ross issued an execution against Joseph C. Blum upon his judgment obtained while the defendant lived at Akron, Ohio. Six days afterwards, and before a levy, Ida E. Blum sold to Daniel Blum for $2,700 cash what goods were then on hand and which embraced a small part of those bought from Barbara J. Blum at Akron, Ohio, together with others bought from time to time after she had opened at Towanda. Daniel Blum boxed the goods, removed them to the freight station to be shipped, when they were seized upon the Ross execution. The feigned issue was then directed upon the sheriff's petition.

The court, C. A. MAYER, P. J., in his charge directed the jury to find for the defendant, whereupon the plaintiff in the issue took this writ specifying for error, (1) The instruction to the jury to find for the defendant, the court being of the opinion that no title was acquired by Ida E. Blum by her purchase from Barbara J. Blum, but that the goods belonged to her husband and were liable to execution at the suit of his creditors; (2) The instruction that the fact that Mrs. Ida E. Blum, a married woman, obtained a decree under the act of April 3, 1872, did not vest the title of the property in question in her to the exclusion of her husband and his creditors; (3) The instruction that there was no evidence that the purchase by Ida E. Blum was upon the credit of her separate estate.

The case was first argued in this court on March 29, 1886; a re-argument was ordered, the attention of counsel being invited to the sufficiency of the evidence to submit to the jury to find that the property was purchased by Mrs. Blum on the credit of her separate estate.

*Mr. H. N. Williams* (with him *Mr. N. C. Elsbree* and *Mr. L. Elsbree*), for the plaintiff in error:

1. Was the court in error in directing the jury to return a verdict for the defendant?

It is now well settled that when a married woman has a separate estate, and buys property on the credit of that separate estate, she may hold it and the accumulations of it against her husband's creditors: Silveus v. Porter, 74 Penn. St. 448; Seeds v. Kahler, 76 Idem 262; Sixbee v. Bowen, 91 Idem 149; Lochman v. Brobst, 102 Idem 481; which is not a new rule: Manderbach v. Mock, 29 Idem 43.

None of the cases hold that there must be positive and direct evidence that the credit was given on the wife's separate estate; it is sufficient that this can be reasonably and naturally inferred from the evidence: Hughes v. Boyer, 9 W. 556; Snevely v. Jones, 9 Idem 435; Com. v. Harman, 4 Penn. St. 272; Bevan v. Ins. Co., 9 W. & S. 187; Munn v. Pittsburgh, 40 Penn. St. 364; Brown v. Schock, 77 Idem 471. These circumstances are that Ida E. Blum had a separate estate in the house and lot; that the notes given were judgment notes which could be made a lien; that Joseph C. Blum, the husband, was

notoriously insolvent and Barbara J. Blum was his sister-in-law; that Ida E. Blum had obtained the benefit of the act of April 3, 1872, and, with notice to the public by cards, circulars, etc., carried on business in her own name.

2. Did the court properly construe and apply the act of April 3, 1872?

It cannot be contended that the rights of a *feme covert*, having taken the benefits of that act, are not equal to and co-extensive with the rights of a *feme sole* trader under the acts of 1718 and 1855. Her rights under these acts are determined in Burke v. Winkle, 2 S. & R. 189 ; Wilson v. Coursin, 72 Penn. St. 306 ; Elsey v. McDaniel, 95 Idem 472 ; Orrell v. Van Gorder, 96 Idem 180 ; Black v. Tricker, 59 Idem 13.

It has been ruled and correctly too, that under the act of April 3, 1872, a *feme covert* under its benefits is held and bound by her contracts and obligations the same as a *feme sole* and may be sued thereon without joining the husband: Dillon v· Baker, 12 W. N. 65; Manufactory Co. v. Goe, 1 Penny. 23; Bovard v. Kittering, 101 Penn. St. 181; Adams v. Levy, 3 W. N. 543; and to hold that a married woman availing herself of the provisions of tnat act is bound by her contracts and obligations, and yet that she shall not have the avails and accumulations of her business unless she have a separate estate on which to base credit, is a hardship.

*Mr. S. W. Little* and *Mr. Wm. Little* (*Mr. H. J. Madill* with them), for the defendant in error:

The rights of a married woman have been so recently discussed and defined in Bovard v. Kittering, 101 Penn. St. 181, we are relieved from a further examination of them; said act did not change the law as it stood before: Leinbach v. Templin, 105 Penn. St. 522; Hess v. Brown, 111 Idem 124.

If the court below was right in saying that there was not a particle of evidence going to show that the purchase of Ida E. Blum was made from Barbara J. Blum on the credit of her separate estate, he did what was his duty to do in refusing to submit the case to the jury: Gault v. Saffin, 44 Penn. St. 307 ; Rush v. Vought, 55 Idem 437.

2. There is no evidence showing that the vendor knew Ida E. Blum had any estate of her own; nothing was taken from

her manifesting any intention to charge any estate she had; and nothing was given by her relieving her husband from any liability for that purchase which the law imposed upon him. Notwithstanding the giving of these notes, his was the only property from which the pay for the goods then bought could have been collected: Hoffman v. Tomer, 49 Penn. St. 231; Robinson v. Wallace, 39 Idem 132; Leinbach v. Templin, 105 Idem 526; and the cases of Sixbee v. Bowen, 91 Idem 149, and Spering v. Laughlin, 113 Idem 213, are not to the contrary.

Opinion, Mr. Justice Gordon:

Were we to reverse the judgment of the court below we must needs make bad work with the law heretofore governing the marital relation, for not only, in that event, would we have to allow the wife to acquire and hold property on her personal credit, but also to have and own, even as against creditors, the labor and earnings of her husband. A very brief statement of the facts of this case will, we think, demonstrate that the action of the Common Pleas was correct, and that the evidence adduced by the plaintiff was not of such a character as required its submission to the jury. In the first place, when the goods in controversy were bought, Joseph C. Blum, the husband of Ida E. Blum, who was the vendor of the plaintiff, was insolvent. This insolvent husband bought these goods, as she alleges, as her agent, though so far as the evidence is concerned it does not appear that he had any previous authority so to act. She testifies that she did not know where the bargain was made; whether the agreement was in writing or not, and if it were in writing she had not seen it. Nor was she consulted about the notes which were given for the goods, and had, indeed, nothing to do with the transaction but to sign those notes when they were presented to her for that purpose. Neither had she anything to do with the sale of the goods after the store was opened in her name, for that business was also conducted by her husband *as her agent*. So, the notes were paid, not from any money or property advanced by her, but from the proceeds of the business. It thus appears that she had nothing in the transaction but her signature. Under such circumstances it is clear that her application for the benefit of the act of the 3d of April, 1872, has nothing to do with the case; for the effort

Opinion of the Court.

here is not to protect her separate earnings from the grasp of his creditors, for she had no such earnings, but rather to appropriate his earnings to her own use, and thus prevent their application to his debts.

To sanction an effort of this kind would be to extend the rights of married women much farther than has as yet been done by this court. It is said, however, that she owned some property in her own right, and that this might be regarded as a foundation for her credit. It is true she owned a house and lot, but it is nowhere intimated that she obtained the goods on the credit of that estate. She asked for no such credit, nor does it appear that her alleged vendor so much as knew that she had an estate of any kind. If there is one thing settled in relation to this subject, it is, that whilst a married woman may buy goods on credit, yet as was said by Mr. Justice MERCUR, in Seeds v. Kahler, 76 Penn. St. 262, it must be on the credit of her separate estate, and, as against the creditors of her husband, she must affirmatively establish that fact. We agree that where a *feme covert* owns property of value sufficient to serve as the foundation of a credit, direct proof that the credit was based upon it may not be necessary, for the jury may infer that fact from the circumstances surrounding the transaction : Spering v. Laughlin, 113 Penn. St. 209. But in the case before us there are no circumstances which would fairly warrant such an inference. Personally, as we have said, beyond the signing of the notes, she was not known in the business. The whole matter was conducted by her husband and without the slightest reference to her separate estate; and that her name was used merely as a cloak to cover the property from the claims of creditors is, from the evidence, so obvious that it cannot be overlooked or ignored.

We cannot, therefore, convict the court below of error in refusing to submit to the jury a case so wholly unsupported by facts.

The judgment is affirmed.